

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2006

# Iskandar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Iskandar v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3514
_____

BENNY KURNIA ISKANDAR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
No. A95-473-977
Immigration Judge: Honorable Miriam K. Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2006

Before: SCIRICA, Chief Judge, and NYGAARD,  Circuit Judge,
and ALARCON,* Circuit Judge.

(Filed May 5, 2006)

_____

*Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit Court of
Appeals, sitting by designation.

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Petitioner, Benny Kurnia Iskandar, petitions for review of the decision of the Board of Immigration Appeals which denied his application for asylum because it was untimely. Petitioner filed his asylum application more than three years after he arrived in the United States. Pursuant to 8 U.S.C. § 1158(a)(2)(B), an alien must file his application for asylum within one year of his arrival in the United States. Only upon a showing of changed circumstances which materially affect the alien's eligibility for asylum or of extraordinary circumstances explaining the delay will this limitations period be extended. *See* 8 U.S.C. § 1158(a)(2)(D). Because Petitioner filed his application more than three years after his arrival in this country, and there existed no reason for extending the one year limitations period, the Immigration Judge denied his application as untimely. The Board adopted and affirmed this decision.

This Court lacks jurisdiction to review the Board's denial of Petitioner's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). We will therefore dismiss the petition for review.

2